UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ABDIRIZAK ABDIYOW,

                    Petitioner,                     Case No. 1:25-cv-172

v.                                                  Honorable Phillip J. Green

MICHELLE LAJOYE-YOUNG,

                    Respondent.
_____/

## OPINION

Petitioner Abdirizak Abdiyow is a pretrial detainee currently incarcerated at the Kent County Correctional Facility in Grand Rapids, Michigan.  He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), seeking dismissal of the charges and release on a personal recognizance bond.  This matter is presently before the Court for preliminary review under 28 U.S.C. § 2243.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge.  (ECF No. 4.)  Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly

appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1]  The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings.  "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350.  "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."  *Id.* (citations omitted).  That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

the petitioner.   Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at th[e] time the magistrate entered judgment.").[2]  Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies.  Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I.    Leave to Proceed *In Forma Pauperis*

The filing fee for a habeas corpus action is $5.00.  *See* 28 U.S.C. § 1914(a).  It reasonably appears that paying the cost of this filing fee would impose an undue

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis* in this matter.

## II.    Factual Allegations

As noted above, Petitioner is currently detained at the Kent County Correctional Facility in Grand Rapids, Michigan.  Public records indicate that Petitioner is facing the following pending charges in the Kent County Circuit Court: (1) discharging a firearm in or at a building; (2) possession of a firearm by a felon; (3) possession of ammunition by a felon; (4) carrying a concealed weapon; and (5) possession of a firearm during the commission of a felony (felony-firearm).  *See* Register of Actions, *People v. Abdiyow*, No. 24-05860-FC (Kent Cnty. Cir. Ct.), https://www.kentcountymi.gov/1036/Search-Court-Records (enter "Abdirizak" for "First Name," enter "Abdiyow" for "Last Name," enter "2002" for "Year of Birth," select Defendant for "Party Type," complete the reCAPTCHA verification, select "Search Criminal Cases," then select the entry for Case No. 24-05860-FC) (last visited Mar. 18, 2025).  Petitioner has been placed on notice that if convicted, he faces enhanced sentencing as a second-offense habitual offender.  *See id*.  The public docket reflects that on June 17, 2024, Petitioner's bond was set at $500,000.00.  *See id*.

Petitioner's § 2241 petition is scant.  He mentions that a murder charge was dismissed in his favor, and that the State does not have evidence to support the remaining charges.  (§ 2241 Pet., ECF No. 1, PageID.6.)  Petitioner contends that he is entitled to dismissal of the charges and release on a personal recognizance bond. (*Id*.)  He notes that state court records, as well as the Michigan Court Rules and the

4

United States Constitution, "will corrob[o]rate [his] claims." (*Id.*, PageID.7.) Petitioner vaguely mentions that he is challenging the amount of bail, the legality of his arrest and commitment, and his right to a speedy trial. (*Id.*, PageID.2.) As relief, Petitioner seeks release on his personal recognizance and "termination of the prosecution." (*Id.*, PageID.8.)

## III.    Exhaustion of State Court Remedies

28 U.S.C. § 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). While petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

5

The United States Court of Appeals for the Sixth Circuit has approved consideration of a pretrial § 2241 petition in the following exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *see Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); (3) when a petitioner claims that he has been subjected to excessive bail, *Atkins*, 644 F.3d at 549; and (4) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).  As set forth above, Petitioner challenges both his bail and the pending charges.  He seeks dismissal of the charges and release on a personal recognizance bond.

First, to the extent Petitioner seeks dismissal of the pending charges, such relief is "not attainable by way of pretrial habeas corpus."  *Atkins*, 644 F.2d at 547.  When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings.  *See In Re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

In any event, even if Petitioner's request to dismiss the charges was permitted, and with respect to Petitioner's request for release on personal recognizance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court.  *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court

remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted).  The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."  *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).  Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner appears to acknowledge that he has not exhausted his state-court remedies with respect to his claims.  Petitioner indicates that he filed an appeal through counsel, but no further appeals followed due to ineffective assistance of counsel.  (§ 2241 Pet., ECF No. 1, PageID.2–3.)

In Michigan, a challenge to pretrial detention is governed by Mich. Comp. Laws § 765.1 *et seq*.  Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner.  Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release.  Additionally, the rule provides for

appeal of the custody decision by motion.  Mich. Ct. R. 6.106(H)(1).  Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Here, Petitioner has not demonstrated that any failure to exhaust should be waived to allow this Court to consider the merits of his § 2241 petition.  Although Petitioner mentions ineffective assistance of counsel, he provides no factual allegations to support that conclusion.  Moreover, while Petitioner suggests that he filed an appeal, public dockets indicate otherwise.  A review of both the Michigan Court of Appeals and Michigan Supreme Court public dockets indicate that there is currently no appellate matter linked to Petitioner.  It does not appear that Petitioner has sought relief under Michigan Court Rule 6.106(H), nor does it appear that Petitioner has sought relief pursuant to the state's habeas corpus remedy.

In sum, the Court concludes that Petitioner's request for dismissal of the charges is not cognizable in the instant § 2241 proceedings.  Moreover, with respect to all of Petitioner's claims, Petitioner has not demonstrated exigent circumstances to waive exhaustion in this matter.  Petitioner instead must pursue the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute, including all available appeals.  Relief under § 2241 is not available until after Petitioner has exhausted his state court remedies.

## IV.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.   A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion or, alternatively, because the relief he seeks is not available by way of a pretrial habeas petition.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion or, based on the relief requested, as premature.  Therefore, a certificate of appealability will be denied.  Moreover, for the same reasons the Court concludes that Petitioner has failed to

demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## <u>Conclusion</u>

The Court will enter an order and judgment granting Petitioner leave to proceed *in forma pauperis*, dismissing the § 2241 petition for lack of exhaustion, and denying a certificate of appealability.

Dated:  <u>March 26, 2025</u>          <u>/s/ Phillip J. Green</u>
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge